## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **BROOKE BROWN,** as<br>Administrator of the Estate of<br>Gary Brown<br>130 West Second St., Suite 900<br>Dayton, OH 45402 | Case No. |
| | **JUDGE:** |
| | **MAGISTRATE JUDGE:** |
| **Plaintiff,** | |
| vs. | **CIVIL COMPLAINT WITH<br>JURY DEMAND** |
| **MONTGOMERY COUNTY, OHIO<br>and THE MONTGOMERY COUNTY<br>BOARD OF COMMISSIONERS**<br>451 W. Third St.<br>Dayton, OH 45422 | |
| and | |
| **ROB STRECK, SHERIFF**<br>c/o Montgomery County Sheriff's Office<br>345 West Second Street<br>Dayton, OH 45422 | |
| and | |
| **MATTHEW SNYDER**<br>c/o Montgomery County Sheriff's Office<br>345 West Second Street<br>Dayton, OH 45422 | |
| and | |
| **ALEC DENKER**<br>c/o Montgomery County Sheriff's Office<br>345 West Second Street<br>Dayton, OH 45422 | |
| **Defendants.** | |

## PRELIMINARY STATEMENT

1.   This is a civil rights and wrongful death action brought against Montgomery County Sheriff's Deupties who unnecessarily shot and killed Plaintiff's decedent, Gary Brown. At the time of the shooting, Gary Brown was unarmed and attempting to leave in a vehicle from a parking space. He did not threaten any officer and did not strike any officer with his vehicle as he was driving away. Despite these facts, Defendant Denker shot him in the chest with his service firearm through the windshield of his vehicle causing his wrongful death. Defendant Snyder did nothing to control or stop Defendant Denker even though he was acting as his field training officer at the time. Brooke Brown, on behalf of the Estate of Gary Brown, seeks compensatory damages, punitive damages, and reasonable attorney fees for the wrongful death caused by Defendants' use of excessive force.

## JURISDICTION

2.   Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4). Venue is proper in this Division.

## PARTIES

3.   At all times relevant, Plaintiff's decedent was a resident of Montgomery County, Ohio, and a citizen of the State of Ohio.

4.   Plaintiff Brooke Brown is the duly appointed administrator of the Estate of Gary Brown.

5.   Defendant Montgomery County is a unit of local government organized under the laws of the State of Ohio. The County is sued through the Montgomery

County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant Montgomery County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

6.     Defendant Sheriff Rob Streck (hereinafter "Streck") is an Ohio law enforcement officer and was at all times relevant to this action duly elected Sheriff of Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and in his official capacity.  He was a county policy maker with respect to customs, practices, policies and procedures at the Montgomery County Sheriff's Office. He is also responsible for the training, supervision and hiring/firing of personnel at the Montgomery County Sheriff's Office.

7.     Defendant Matthew Snyder (hereinafter "Snyder") was at all times relevant to this action a Montgomery County Sheriff's Deputy employed by Montgomery County, Ohio.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

8.     Defendant Alec Denker (hereinafter "Denker") was at all times relevant to this action a Montgomery County Sheriff's Deputy employed by Montgomery County, Ohio.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

## STATEMENT OF FACTS

9.    Plaintiff incorporates by reference all proceeding paragraphs.

10.   Defendant Snyder has worked for the Montgomery County Sheriff since January 27, 1998. Since beginning employment he has received no less than eight (8) letters of caution, seven (7) letters of reprimand, two (2) suspensions, a voluntary demotion in rank, has been the subject of (4) internal affairs investigations and has received an Employee Performance Improvement Plan ("EPIP") about every year he has been employed all for a wide range of wrongful conduct. The most prominent of these events occurred on January 16, 2015 where Defendant Snyder was alleged to have beaten Montgomery County Jail inmate Joseph Guglielmo in his cell leaving him cognitively disabled and wheelchair bound. While Defendant Snyder was not disciplined by the Montgomery County Sheriffs Office for that particular event, it was the subject of the matter of *Joseph Guglielmo v. Montgomery County*, United States District Court, Southern District of Ohio Western Division Case No. 3:17-cv-6 and resulted in a record settlement of $5,600,000.00.

11.   Defendant Denker had just recently started his career as a law enforcement officer with the Montgomery County Sheriff as deputy. He was still in his twelve (12) month probationary period and Defendant Snyder, despite his history of substandard performance and wrongful conduct, was assigned as his field training officer. Prior to this, Defendant Denker had worked for a brief period as a corrections officer in the Montgomery County Jail as well as at a private gun range.

12.  On March 7, 2020 Defendants Denker and Snyder were duly appointed peace officers, working in their official capacity and acting under color of law as Montgomery County Ohio Sheriff's Deputies on patrol in a marked vehicle in Montgomery County, State of Ohio.

13.  While on patrol Defendants Snyder and Denker noticed what appeared to be a suspicious car that was parked at a private building located at 2537 LaCrosse Ave., in the City of Dayton, Montgomery County, State of Ohio.

14.  Plaintiff's decedent, Gary Brown was sitting in the back seat of the parked vehicle.

15.  At that time, Defendants Snyder and Denker parked their cruiser across the street from Plaintiff's decedent and approached his vehicle.

16.  Defendant Snyder exited the cruiser first and approached Plaintiff's decent on the drivers side of the vehicle where he was sitting in the back seat while Defendant Denker stayed in the patrol vehicle.

17.  As Defendant Snyder was talking to Plaintiff's decedent, Gary Brown, he climbed from the back seat of the vehicle into the front seat.

18.  Defendant Denker then emerged from the patrol vehicle and immediately drew his firearm, aiming it at Plaintiff's decedent as he proceeding to walk across the street toward to passenger side of the vehicle.

19.  As Defendant Denker approached the passenger side of the vehicle, Plaintiff's decedent, Gary Brown, started the engine of the vehicle and began to pull away.

20. At that point Defendant Snyder was still on the side of the vehicle near the drivers door and Defendant Denker was on the front passenger side of the vehicle.

21. As Plaintiff's decedent, Gary Brown, began to pull away in the vehicle, Defendant Denker recklessly and with total disregard for the consequences, indiscriminately fired his weapon into the vehicle through the front windshield at Gary Brown hitting him in the chest, which shot / injury ultimately killed him.

22. At no time did Plaintiff's decedent's vehicle strike Defendants Snyder or Defendant Denker or otherwise endanger their lives so as to justify the use of deadly force.

23. At the time that Defendant Denker fired his weapon, neither Defendant Snyder nor Defendant Denker had any actual knowledge of whether any crime had been committed by Plaintiff's decedent, Gary Brown.

24. At the time that Defendant Denker fired his shot, neither Defendant Snyder nor Defendant Denker had any actual knowledge of whether a warrant for the arrest of Gary Brown actually existed.

25. At the time that Defendant Denker fired his shot, he was without legal cause, justification or excuse to use said force, which was likely to be deadly and did in fact cause the death of Plaintiff's decedent, Gary Brown.

26. At no time did Defendant Snyder, who was acting as the field training officer for Defendant Denker tell him to holster his firearm, get back in the patrol vehicle, instruct him not to shoot or otherwise act, as he should have, to protect the safety and welfare of Plaintiff's decedent, Gary Brown.

27. Given the circumstances, Defendants Denker and Snyder utilized unreasonable, deadly and excessive force in violation of Montgomery County Sheriff policies, practices, customs, clearly established law, the Ohio Constitution and the Fourth and/or Fourteenth Amendments to the United States Constitution.

28. Defendants' actions were done with intent, recklessness, deliberate indifference, malice, callousness, and were done wantonly and oppressively.

29. Defendants have each acted intentionally, recklessly, and with deliberate indifference to the federally protected rights of the Plaintiff. These actions reflect an arbitrary abuse of government power, which shocks the conscience.

30. At the time Plaintiff's decedent was shot and killed, the Montgomery County Sheriff had a pattern and practice of using excessive force. This includes injuries to Amber Swink in 2015 when jail officers used OC spray on her while she was fully restrained in a restraint chair. Excessive force was also used by Deputy Rod Brown who unnecessarily punched and kicked Rondale Hampton after the conclusion of a high speed chase where he had wrecked his vehicle on July 13, 2020. Excessive force was also used against Louis Aldini Jr., a military officer whom officers viciously beat and tased, and placed in a restraint chair, while he was in their custody in 2006. Officers also used excessive force in causing the death of Robert Andrew Richardson Sr. in 2012, whom, when ill in and suffering from a medical emergency, officers pinned to the ground prone on his stomach and applied significant weight to his back to the point where he ceased breathing. Excessive use of force was also used on Charles Wade in 2016 who was pepper sprayed directly in his face when he was already partially restrained in a restraint

chair and pinned forward by five corrections officers. Excessive use of force was also used against Tonya Varney when Sgt. Thomas Feehan threw her into a cell breaking her wrist on May 19, 2017. Excessive force was also used by Sgt. Eric Banks on March 30, 2014 when he forcefully threw handcuffed inmate Emily Evans face first into the floor causing her facial fractures. Excessive force was also used on 60 year old Marsha Pate-Strickland on September 8, 2015 when she did not immediately stand up, Officer David Stemp violently swung her around and slammed her on the floor causing her arm / shoulder fractures. Excessive force was also delivered by Jerrid Campbell who viciously beat inmate Daryl Wallace on September 28, 2015 causing him severe injury. Excessive use of force was also utilized by Officer Nathan Willson who choked a teenage boy in the back of his patrol vehicle after he was called a racial slur in October 2016. Excessive force was also used on January 16, 2015 when Defendant Snyder beat Montgomery County Jail inmate Joseph Guglielmo in his cell leaving him cognitively disabled and wheelchair bound.

31. Said wrongful conduct establishes a pattern, practice and/or custom of violations of rights as secured by the Ohio Constitution as well as those secured by the Fourth and Fourteenth Amendments to the United States Constitution.

## FIRST CAUSE OF ACTION

32. Plaintiff incorporates by reference all proceeding paragraphs.

33. Defendants, while acting under color of state law, deprived Plaintiff's decedent of his rights secured by the Fourth and Fourteenth Amendments to the

United States Constitution, including the right to be free from excessive force and the right to be protected from excessive force.

## SECOND CAUSE OF ACTION

34. Plaintiff incorporates by reference all proceeding paragraphs.

35. On or about March 7, 2020 Plaintiff's decedent, Gary Brown, was the driver of a motor vehicle traveling from a private lot located at 2537 LaCrosse Ave., in the City of Dayton, Montgomery County, State of Ohio.

36. At the same time and place, the aforementioned vehicle was approached by Defendant Denker and Defendant Snyder.

37. During the course of the encounter, Defendant Denker recklessly and with total disregard for the consequences, indiscriminately shot into the vehicle, thereby striking Gary Brown without legal cause, justification or excuse.

38. During the course of the encounter, Defendant Snyder did nothing to stop the wrongful conduct of Defendant Denker, even though he was acting as his field training officer and was directly responsible for supervising him while on patrol.

39. Plaintiff's decedent, Gary Brown died of injuries sustained as a direct and proximate result of being shot by Defendants.

40. As a direct and proximate result of the shooting and resultant death of Gary Brown, Plaintiff has sustained damages as follows:

    a.   Loss of his life;

    b.   Physical pain and suffering, emotional trauma;

    c.   Reasonable and necessary medical expenses;

    d.   Funeral expenses;

    e.   Loss of support and services of Gary Brown;

    f.   Loss of society of Gary Brown; and

    g.   Mental anguish incurred by Gary Brown's next of kin.

### THIRD CAUSE OF ACTION

41. Plaintiff incorporates by reference all proceeding paragraphs.

42. Prior to his death, Gary Brown was forced to endure great conscious pain and suffering, to be attended to by health care providers and incurred medical expenses.

43. Plaintiff claims damages for the conscious pain and suffering as well as for the cost of all reasonable and necessary medical treatment which was the direct and proximate result of being shot by Defendants.

### FOURTH CAUSE OF ACTION

44. Plaintiff incorporates by reference all proceeding paragraphs.

45. Defendants had a duty to develop, promulgate, train and effectively enforce thorough and distinct regulations regarding the use of deadly force and excessive use of force by law enforcement personnel.

46. Defendants failed to develop, promulgate, train and effectively enforce thorough and distinct regulations regarding the use of deadly force and prevent the excessive use of force by law enforcement personnel thereby creating a serious danger to the citizens of Montgomery County generally, and to Gary Brown, specifically.

47.   Defendants had a duty to provide, proper, adequate and ongoing training and supervision of the law enforcement personnel, specifically to include, but not limited to, that pertaining to the use of deadly force and the excessive use of force.

48.   Defendants failed to provide adequate training and supervision of Defendants, specifically as to, but not limited to, the use of deadly force and excessive use of force.

49.   Defendants practices, customs, failure to train, failure to supervise and/or policies regarding training and the use of deadly force demonstrated a deliberate indifference to the constitutional rights of persons within the County, and were a direct cause of the violation of Gary Browns rights as alleged herein

### FIFTH CAUSE OF ACTION

50.   Plaintiff incorporates by reference all proceeding paragraphs.

51.   It was the policy and/or custom of Defendants to inadequately supervise, inadequately train, not discipline and retain law enforcement officers with respect to the use of excessive use of force and/or deadly force thereby failing to adequately discourage continued constitutional violations on the part of Defendants, as well as other law enforcement officers they employ.

52.   The aforesaid policy and/or custom of Defendants demonstrated a deliberate indifference on the part of the policy makers of Defendants to the constitutional rights of persons within the County and were a direct cause of the violation of Gary Browns rights as alleged herein.

53.   Plaintiff's claim damages for the injuries set forth above under 42 U.S.C. 1983 against Defendant for violations of Gary Brown's constitutional rights.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff demands that the court:

A.  Award plaintiff compensatory damages in an amount to be determined at

    trial.

B.  Award plaintiff punitive damages against the Defendants, except

    Montgomery County and the Montgomery County Board of

    Commissioners, in an amount to be determined at trial.

C.  Award plaintiff reasonable attorney fees and costs.

D.  Order such other relief as the Court deems just and appropriate.

Respectfully submitted,

*s/Douglas D. Brannon*
Douglas D. Brannon (0076603)
Trial Attorney for Plaintiff
BRANNON & ASSOCIATES
130 W. Second St.     Suite 900
Dayton, OH   45402
Telephone:      (937) 228-2306
Facsimile:      (937) 228-8475
E-Mail: dougbrannon@branlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

*/s/ Douglas D. Brannon*
Douglas D. Brannon