UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BROOKE BROWN,
As Administrator of the Estate
of Gary Brown,

    Plaintiff,

vs.

MONTGOMERY COUNTY
BOARD OF COMMISSIONERS, *et al.*,

    Defendants.

Case No. 3:21-cv-269

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING, IN PART, DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 31) AND DISMISSING PLAINTIFF'S § 1983 CLAIMS AGAINST DEPUTIES SNYDER AND DENKER IN THEIR OFFICIAL CAPACITIES; (2) GRANTING, IN PART, DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 31), AND DISMISSING PLAINTIFF'S § 1983 CLAIMS AGAINST MONTGOMERY COUNTY SHERIFF STRECK IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; (3) THEREFORE DISMISING SHERIFF STRECK AS A PARTY TO THIS CASE; AND (4) DENYING THE MOTION (Doc. No. 31) IN ALL OTHER RESPECTS**

---

On March 7, 2020, Montgomery County, Ohio Deputy Sheriffs Alec Denker and Matthew Snyder were patrolling in the City of Dayton. During their patrol, Deputy Denker shot and killed Gary Brown. Doc. No. 1 at PageID 3, 6. Plaintiff Brooke Brown, the Administrator of Mr. Brown's estate, brings this civil case under 42 U.S.C. § 1983 asserting that Deputy Denker, and other Defendants, violated Mr. Brown's rights under the United States Constitution. *Id*. at PageID 6-11.

Defendants are, in addition to Deputy Denker, Deputy Snyder; Montgomery County Sheriff Rob Streck; and Montgomery County, Ohio through the Montgomery County Board of

Commissioners. *Id*. at PageID 2-3. The case is before the Court on Defendants' motion for partial judgment on the pleadings (Doc. No. 31), Plaintiff's response in opposition (Doc. No. 34), and Defendants' reply (Doc. No. 36).

**I.**

The standard applicable to motions for judgment on the pleadings under Rule 12(c) is the same as that applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The Court construes the complaint in the light most favorable to the plaintiff, accepts as true the allegations in the complaint, and draws all reasonable inferences in the plaintiff's favor. *Coley v. Lucas County*, 799 F.3d 530, 537 (6th Cir. 2015). Denial of a motion for judgment on the pleadings occurs when a complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Myers v. City of Centerville*, 41 F.4th 746, 757 (6th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II.**

Viewing the complaint in Plaintiff's favor and accepting the complaint's allegations as true, *Coley*, 799 F.3d at 537, the following events occurred.

On March 7, 2020, Deputies Denker and Snyder patrolled in a marked Sheriff's cruiser. Deputy Denker had recently started working with the Montgomery County Sheriff's Office and was in his twelve-month probationary period. Doc. No. 1 at PageID 4. Deputy Snyder was assigned as Deputy Denker's training officer. *Id*.

During their patrol, Deputies Denker and Synder noticed what appeared to be a suspicious car parked at a private building. *Id*. at PageID 5. After parking across the street from the

suspicious-looking vehicle, Deputy Snyder exited the cruiser. *Id*. Deputy Denker remained in the cruiser. *Id*. Mr. Brown was in the back seat of the parked vehicle. *Id*.

Deputy Snyder approached the driver's side of the parked vehicle and began talking with Mr. Brown. *Id*. As they talked, Mr. Brown climbed from the back seat of the vehicle into the front seat. *Id*.

Deputy Denker then exited the cruiser and immediately drew his firearm. *Id*. While walking across the street, Deputy Denker aimed his firearm at Mr. Brown and approached the passenger side of the vehicle. *Id*. Mr. Brown started the vehicle and began to pull away. *Id*. At this point, Deputy Snyder was still on the driver's side of the vehicle near the driver's door; Deputy Denker was on the passenger's side of the vehicle. *Id*. at PageID 6. Plaintiff alleges in the Complaint,

> As … [Mr.] Brown, began to pull away in the vehicle, [Deputy] Denker recklessly and with total disregard for the consequences, indiscriminately fired his weapon into the vehicle through the front windshield at [Mr.] Brown hitting him in the chest, which … ultimately killed him.
>
> At no time did [Mr. Brown's] vehicle strike [Deputy] Snyder or [Deputy] Denker or otherwise endanger their lives so as to justify the use of deadly force.

*Id*.

When the shooting occurred, neither Deputy Denker nor Deputy Snyder knew whether Mr. Brown had committed any crime or whether an arrest warrant for Mr. Brown existed. *Id*.

Plaintiff's complaint frames her claims in five causes of action, the first of which asserts, "Defendants, while acting under the color of state law, deprived [Mr. Brown] of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from excessive force and the right to be protected from excessive force." *Id*. at PageID 8-9. Plaintiff's remaining causes of action do not identify a supporting legal basis, although they

allege facts related to damages and potential claims related to Montgomery County and Sheriff Streck. *Id*. at PageID 9-11. Near the end of Plaintiff's Complaint, she "claim[s] damages for the injuries set forth above under 42 U.S.C. [§] 1983 against Defendant [sic: presumably "Defendants"] for violations of Gary Brown's constitutional rights." *Id*. at PageID 11.

### III.

#### A. Section 1983

To state a claim for relief under § 1983, a plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)); *see also Edwards v. Univ. of Dayton*, 142 F. Supp. 3d 605, 607 (S.D. Ohio 2015).

A municipality or political subdivision[1] cannot be liable under § 1983, "*solely* because it employs a tortfeasor." *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (emphasis in original) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). "Instead, a [political subdivision] is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the 'moving force' behind the injury alleged.'" *Id*. (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)). This occurs when the political subdivision's policy or custom was the moving force behind the alleged constitutional deprivation. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016).

#### B. Defendant Montgomery County

Defendants argue that the complaint fails to allege facts sufficient to support a plausible

---

[1] "'[M]unicipal liability' includes 'other political subdivisions such as counties and townships.'" *Anderson v. Jones*, 440 F.Supp.3d 819, 834 (S.D. Ohio 2020) (citations omitted).

4

§ 1983 claim against Montgomery County.  Doc. No. 31 at PageID 152.  Defendants reason that Plaintiff has not alleged facts showing (1) the existence of a clear pattern and practice of illegal activity; (2) the County Commissioners gave tacit approval of unconstitutional conduct such that their deliberate indifference amounted to an official policy of inaction; or (3) the Commissioner's policy was the moving force behind the claimed violation of Mr. Brown's constitutional rights. Doc. No. 31 at PageID 152.  Plaintiff contends that the complaint sets forth specific facts regarding a pattern of the excessive use of force within the Montgomery County Sheriff's office.  Doc. No. 34 at PageID 170-74.

Rule 12(c)—like each Federal Rule of Civil Procedure—"should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Litigation of Plaintiff's § 1983 claims against Montgomery County does not align with this instruction.  This is especially so when Defendants' Answer and Rule 12(c) motion present a version of the events this is sometimes at odds with, and often expands upon, the events described in the complaint.[2]  Doc. No. 30 at PageID 124-25, 127-31.  There is no present need to describe in detail Defendants' version of the events because their Rule 12(c) motion requires the Court to view the complaint in Plaintiff's favor, accept the complaint's factual allegations as true, and draw all reasonable inferences in her favor.  *Coley*, 799 F.3d 537.  Furthermore, at this early stage, Defendants' presentation of a different version of

---

[2] For example, Defendants allege in their Rule 12(c) motion, "Immediately prior to Deputy Denker's discharge of his firearm, Brown demonstrated to Deputy Snyder and Deputy Denker ('the Deputies) that he intended to do them—and any civilians in the area—serious harm.  Brown chose to hide from the Deputies in a 2000 red Dodge Durango (the 'Dodge'); Brown chose to hide his hands from Deputy Snyder; Brown refused to show his hands in response to Deputy Snyder's demands; and, Brown refused to stop despite Deputy Snyder's commands.  Instead of complying with Deputy Snyder's repeated commands, Brown jumped into the driver's seat of the car and started the engine.  Brown aimed the Dodge at Deputy Denker, who was approaching the vehicle and yelling to Brown.  Brown struck Deputy Denker with the vehicle in his attempt to flee."  Doc. No. 31 at PageID 146 (footnote omitted; citing Defendants' Answer, Doc. No. 30).

5

the events leading to Mr. Brown's death is problematic under Rule 12(c). A motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Service Com'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citing *General Cinema Corp. v. Buena Vista Distrib. Co.*, 681 F.2d 594, 597 (9th Cir. 1982)).

In these circumstances, the best way "to secure the just, speedy, and inexpensive determination …," Fed. R. Civ. P. 1, of Plaintiff's § 1983 claims against Montgomery County is to proceed through the discovery stage while providing the parties with an opportunity to consider settlement or further litigation at the summary-judgment stage or trial.

Accordingly, Defendants' motion for judgment in their favor on Plaintiff's § 1983 claims against Montgomery County is **DENIED**.

### C. Deputies Snyder and Denker and Sheriff Streck—Official Capacity Claims

Defendants contend that Plaintiff's claims against Defendants Snyder, Denker, and Sheriff Streck in their official capacities fail as a matter of law. This is correct because these official-capacity claims are essentially claims against Montgomery County itself. *Petty v. County of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))).

To Plaintiff's credit, she correctly acknowledges that her official capacity claims against the individual Defendants are redundant of her claims against Montgomery County and that such redundant claims are regularly dismissed by courts within the Sixth Circuit. Doc. No. 34 at PageID 174; *see also, e.g., Y.S. v. Bd. of Educ. of Mathews Loc. Sch. Dist.*, 766 F.Supp. 2d 839, 842 (N.D. Ohio 2011) (citing cases).

6

Accordingly, Defendants' motion for judgment in their favor on Plaintiff's § 1983 official-capacity claims against Deputies Snyder and Denker and Sheriff Streck is **GRANTED**.

### D. Deputy Snyder and Sheriff Streck—Individual Capacity Claims

Defendants contend that Plaintiff's claims against Deputy Snyder in his individual capacity fail as a matter of law because Plaintiff's complaint does not advance any factual allegation to support a plausible conclusion that he (1) held supervisory authority over Deputy Denker; and (2) failed to protect, or had any opportunity or means available to him to protect, Mr. Brown. Doc. No. 34 at PageID 174-75.

A law-enforcement officer may be held liable for failure to intervene during the application of excessive force when: "(1) the officer observed or had reason to know that excessive force would be or was being used; and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *see Goodwin v. City of Painesville*, 781 F.3d 314, 329 (6th Cir. 2015) (The plaintiff "presented sufficient evidence for a jury to rationally determine that [defendant officers] failed to protect [plaintiff] from excessive force").

Plaintiff's complaint specifies that Deputy Snyder, as Deputy Denker's field training officer, "was directly responsible for supervising [Deputy Denker] while on patrol." Doc. No. 1 at PageID 9. Drawing all reasonable inferences in Plaintiff's favor, the complaint sufficiently alleges that Deputy Snyder, in his position as Defendant Denker's training officer, had the opportunity to observe Deputy Denker's conduct as he exited the cruiser, drew his firearm, and walked towards the parked vehicle. Doc. No. at PageID 5. According to the complaint, Deputies Snyder and Denker had no knowledge that Mr. Brown had committed a crime. *Id*. at PageID 6. The complaint further alleges:

> At no time did Defendant Snyder, who was acting as the field training officer for Defendant Denker tell him to holster his firearm, get back in the patrol vehicle, instruct him not to shoot or otherwise act, as he should have, to protect the safety and welfare of [Mr.] Brown.

*Id*. For these reasons, Defendants' motion for judgment in their favor on Plaintiff's § 1983 claims against Defendant Snyder in his individual capacity is **DENIED**.

"Plaintiff acknowledges that the complaint makes no factual allegation against Sheriff Streck in his individual capacity." Doc. No. 34, PageID 176. Consequently, Defendants' motion for judgment in their favor on Plaintiff's § 1983 claims against Sheriff Streck in his individual capacity is **GRANTED**, and in light of the above dismissal of Plaintiff's official-capacity claims against Sheriff Streck, *supra*, § III(C), Sheriff Streck is **DISMISSED** as a party to this case. *See Humphrey v. U.S. Att'y General's Off.*, 279 F. App'x 328, 331 (6th Cir. 2008).

## IV.

For the reasons stated, the Court **GRANTS**, in part and **DENIES** in part, Defendants' motion for judgment on the pleadings and (1) **DISMISSES** Plaintiff's § 1983 claims against Deputies Snyder and Denker in their official capacities; (2) **DISMISSES** Plaintiff's § 1983 claims against Sheriff Streck in his individual and official capacities, and **DISMISSES** him as a party to this case; and (3) **DENIES** the motion in all other respects.

**IT IS SO ORDERED.**

March 21, 2023                                          s/Michael J. Newman
                                                        Hon. Michael J. Newman
                                                        United States District Judge